UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ALAN MAURICE CHILDRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-235 SPM |
| | ) | |
| AMBER KOOYMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Alan Childress, an inmate currently incarcerated at Pemiscot County Jail in Caruthersville, Missouri, filed this civil-rights action. [ECF No. 1]. Upon review of his complaint, the Court finds that Childress's filing of this case is defective.

Childress moved to proceed without prepaying the filing fees, but he failed to file a copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. [ECF No. 2]. Because Childress failed to provide a copy of inmate account statement, the Court denies his Application to Proceed in District Court Without Prepaying Fees or Costs. The Court orders Childress to, **no later than January 22, 2025**, either (1) pay the $405 filing fee or (2) file a motion to proceed without prepaying the fees.

If plaintiff files a motion to proceed without prepaying the fees, Childress must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Failure to timely pay the full filing fee or file a motion to proceed without prepayment of fees will result in the Court dismissing this case without prejudice and without further notice. Further, the Court directs the Clerk of Court to mail to

Childress two copies of the Court-provided forms for filing prisoner civil-rights complaints and two copies of the Court-provided forms for seeking leave to proceed without prepaying fees.

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. To the extent plaintiff's needs change, the Court can reevaluate the need for counsel at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice.** The Court orders plaintiff to, **no later than January 22, 2025,** either (1) pay the filing $405 filing fee or (2) file a motion to proceed without prepaying the fees.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with two copies of the Court-provided forms for filing prisoner civil rights complaints, as well as two copies of the Court-provided forms for seeking leave to proceed without prepaying fees in prisoner actions.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, this matter will be **DISMISSED**, without prejudice.

Dated this 2nd day of January, 2025.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE